IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EBERLE,                         No. C 09-01865 SBA (PR)

      Plaintiff,                      **ORDER OF DISMISSAL WITHOUT PREJUDICE**

  v.

JOHN DOE,

      Defendant.
_____/

     This case was opened when Plaintiff sent the Court a document captioned "Motion for Sanctions by State Prisoner/Plata Class Member." The caption did not list any named Defendants or a case number. In an effort to protect Plaintiff's rights, the document was treated as an attempt to open a new case. Therefore, as mentioned above, this civil rights action was opened. Thereafter, Plaintiff filed an application for in forma pauperis status.

     Plaintiff contends that "corrective actions" need to be ordered because of unconstitutional conditions created by overcrowding. These issues are currently being considered in the class action Plata v. Schwarzenegger, Case No. C 01-1351 TEH. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id. Therefore, the injunctive relief claims in this case are DISMISSED.

     Plaintiff also requests the Court to order "sanctions in this matter" and "monetary awards." However, Plaintiff cannot be awarded monetary damages under §1983 by simply alleging that prison officials "violated the terms of the 'Plata Remedial Order.'" Under §1983, Plaintiff can only be awarded monetary damages for violations of the Constitution or federal laws, and the "Plata Remedial Order" is neither. Court decrees or orders do not create "rights, privileges or immunities

secured by the Constitution and laws" of the United States. <u>Green v. McKaskle,</u> 788 F.2d 1116, 1123-24 (5th Cir. 1986) (quoting § 1983) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights); <u>see also</u> <u>DeGidio v. Pung</u>, 920 F.2d 525, 534-35 (8th Cir. 1990). Thus, a civil rights action cannot be used to enforce a remedial decree. <u>Cagle v. Sutherland</u>, 334 F.3d 980, 986-87 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996). Therefore, Plaintiff's claims related to Defendants violating the terms of the "Plata Remedial Order" are DISMISSED.

## CONCLUSION

For the reasons set out above, this case is DISMISSED without prejudice. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

Leave to proceed <u>in forma pauperis</u> is GRANTED (docket no. 3). The Clerk of the Court shall terminate all pending motions and close the file.[1]

IT IS SO ORDERED.

DATED: 11/16/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

---

[1] Counsel for the Plaintiff class in <u>Plata</u> is: Donald H. Specter, Prison Law Office, General Delivery, San Quentin, CA 94964.

P:\PRO-SE\SBA\CR.09\Eberle1865.dismiss(plata2.wpd